|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | UNITED STATES DISTRICT COURT | |
| 9 | NORTHERN DISTRICT OF CALIFORNIA | |
| 10 | SAN JOSE DIVISION | |
| 11 | | |
| 12 | ERIC KLEEMERYER et al., ) | Case No.: C 06-1523 JW PVT |
| 13 | Plaintiffs, ) | **ORDER REQUIRING PRODUCTION OF DOCUMENTS PURSUANT TO IN CAMERA REVIEW** |
| 14 | v. ) | |
| 15 | ) | |
| 16 | SANTA CLARA POLICE CHIEF STEPHEN LODGE et al., ) | |
| 17 | Defendants. ) | |
| 18 | _____ ) | |

### I. INTRODUCTION AND FACTUAL BACKGROUND

This is a civil rights action brought under 42 U.S.C. § 1983 against the City of Santa Clara Police Department and certain of its police officers for an alleged violation of Plaintiff's rights under the United States Constitution. The Complaint alleges that Officers Marines, Middlekauf, and Vaden ("Officers") used excessive force while attempting to arrest Plaintiff, Eric Kleemeyer while he was in the driveway of his mother's residence. Plaintiff Eric Kleemeyer was pronounced dead at the scene from the gun-shot wounds caused by Defendants. Plaintiff Susan Reardon is Eric Kleemeyer's mother, Plaintiffs Daniel Kleemeyer and Adam Kleemeyer are Eric Kleemeyer's brothers (collectively "Plaintiffs").

Plaintiffs served a Request for Production of Documents upon Police Department, City of

Santa Clara, Police Chief and Officers ("Defendants") to produce Officers' personnel files, and Defendants have objected, claiming that the files are "confidential." The parties stipulated to an *in camera* review of these documents. After careful review of the documents, the Court concludes that the documents must be produced, but may be designated "for the attorney's eyes only."

## II.    DISCUSSION

### A.    Official Information Privilege

In a federal question case, such as this one, the federal common law of privilege applies.[1] Federal common law recognizes a qualified privilege for "official information." <u>Kelly v. City of San Jose</u>, 114 F.R.D. 653 (N.D. Cal. 1987). In order to properly assert the official information privilege, the party opposing discovery must make a threshold showing that the privilege applies through an affidavit made by a responsible official with personal knowledge of the matters to be attested in the affidavit. The affidavit must include:

> (1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interest that would be threatened by disclosure of the material to the plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests; and (5) a projection of how much harm would be done to the threatened interests if disclosure were made.

<u>Kelley</u>, 114 F.R.D. at 670. The party opposing discovery must demonstrate a specific government interest that would be harmed; a general claim of harm is insufficient. <u>Soto v. Concord</u>, 162 F.R.D. 603, 615 (N.D. Cal. 1995).

Defendants have not filed an affidavit setting forth any of the five factors. The parties, however, stipulated to a streamlined procedure for the resolution of this dispute. Based on the parties' stipulation, the Court proceeds to analyze whether the conditional privilege applies to the requested documents as if the threshold showing had been made.

//

---

[1] California Evidence Code section 1043 and Penal Code section 832.5, which would limit the Plaintiff from gaining access to the disputed police files, are inapplicable. <u>Soto v. Concord</u>, 162 F.R.D. 603 (N.D. Cal. 1995).

### B.     Officers' Training Records and Personnel Files

Once the threshold showing that the official privilege applies, the court balances the interests and decides whether the conditional privilege applies. In weighing the interests involved, a court should consider:

> (1) the extent to which disclosure will thwart government processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which government self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intra-departmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case.

Kelley, 114 F.R.D. at 663. While no one factor is dispositive, the tenth factor - the importance to the plaintiff's case is considered the most important. In the context of civil rights suits against police departments, this balancing approach should be "moderately pre-weighted in favor of disclosure." Kelley, F.R.D. at 661.

Applying these factors to the instant case, the Court finds that disclosure of the documents is appropriate. Plaintiffs' complaint is not frivolous and has been brought in good faith. Plaintiffs wish access to the personnel files to obtain evidence relevant to Officers' hiring, training, supervision and discipline in order to establish their claim against Defendants. The information sought is not available through any other means. Even though Defendants claim that such information is privileged and confidential, no presentation has been made as to why such information should not be produced.

Defendants also claim that disclosure of requested documents would implicate Officers' rights to privacy. In discussing the disclosure of police files, courts have recognized that a constitutional right of privacy can be raised in a discovery stage and courts should give "some weight" to privacy rights that are protected under the U.S. and state constitutions. Kelly, 114 F.R.D. at 660, 656. However, these privacy interests must be balanced against the weight afforded to civil rights cases against police departments. Id., at 660 ("Through constitutional amendment and

national legislation the people have made it clear that the policies that inform federal civil rights laws are profoundly important").

Plaintiffs' need for the information outweighs Defendants' concern. The information sought is unlikely to be available from any other source than Defendants' files. The training, hiring, and disciplinary records are reasonably calculated to lead to the discovery of admissible evidence to Plaintiffs' allegation of the use of excessive force. Moreover, Defendants are at liberty to redact any personal, financial, or residential information of Officers. Defendants' privacy interests are sufficiently protected by limiting the production of the documents to "Attorneys' Eyes Only."

### III.  ORDER

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED that:

1. Within ten (5) days from the date of this ORDER, Defendants shall produce to Plaintiff's counsel the personnel and training files of Officers Marine, Middlekauf, and Vaden, pursuant to the terms of this ORDER;

2. Plaintiffs and Defendants shall make a good faith effort to work together on a protective order and they shall submit to the court for review and signature a form of protective order consistent with the terms of the model stipulated protective order found on the Court's website;[2] and

3. On or before September 21, 2007, the parties shall submit either: (1) a joint stipulated protective order, or (2) if they are unable to reach an agreement, they shall each submit their own proposed form order along with a brief statement, of no more than five pages, specifying the areas where they cannot agree and arguments for their positions.

IT IS SO ORDERED

Dated: September   19,   2007

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[2] A model form titled "Stipulated Protective Order" can be found on the Court's website (http://www.cand.uscourts.gov/) in the "Forms" section.