JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
MCNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
SANTA CLARA POLICE CHIEF STEPHEN LODGE; SANTA CLARA POLICE OFFICER JEFF VADEN; SANTA CLARA POLICE OFFICER DAWN MARINES; SANTA CLARA POLICE SGT. CRAIG MIDDLEKAUFF; AND THE CITY OF SANTA CLARA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC KLEEMEYER. DECEASED, SUSAN REARDON Individually and as Administratix of the Estate of ERIC KLEEMEYER, Deceased, DANIEL KLEEMEYER, ADAM KLEEMEYER,<br><br>Plaintiffs,<br><br>vs.<br><br>SANTA CLARA POLICE CHIEF STEPHEN LODGE; SANTA CLARA POLICE OFFICER JEFF VADEN; SANTA CLARA POLICE OFFICER DAWN MARINES; SANTA CLARA POLICE OFFICER CRAIG MIDDLEKAUF, SANTA CLARA POLICE DEPARTMENT, CITY OF SANTA CLARA, AND DOES 1-200,<br><br>Defendants. | Case No. C06-1523 JW<br><br>**JOINT STIPULATED PROTECTIVE ORDER REGARDING PRODUCTION AND USE OF SANTA CLARA POLICE DEPARTMENT AND EMPLOYEE RECORDS** |

On January 4, 2007, Plaintiffs served on Defendant CITY OF SANTA CLARA a First Request for Production of Documents.  These requests sought the following categories of documents pertaining to personnel related records of employees of the CITY OF SANTA CLARA, including personnel type records of Defendants Vaden, Marines and Middlekauff such

JOINT STIPULATED PROTECTIVE ORDER - C06-1523 JW PVT

as: (1) personnel file, including the disciplinary record, and other documents concerning his hiring, training, duties, performance, assignment, and mental and physical condition of the three named officers involved in the incident at issue in this case (RFPD No.'s 3-5); (2) any formal or informal complaint made against the three named officers involved in the incident at issue in this case, including Internal Affairs, police review and/or disciplinary type documents (RFPD No. 6).

Counsel for Plaintiffs and counsel for Defendants agree that some or all of above categories of documents pertaining to Defendants may be relevant and produceable in this matter following the Court's review of the records requested above via an in camera review. The parties jointly agree that these sensitive and private documents maintain a qualified privilege from disclosure, necessitating the Court's assistance in performing an in camera review for the purposes of deciding which documents, if any, are relevant and discoverable. The parties agree that Defendants' counsel can redact all personal/familial identification and financial information from any such records ordered produced that are wholly irrelevant to issues in this case.

These records were submitted to the Court for an in camera review in August of 2007. On September 19, 2007, Judge Trumbull ordered the records produced to Plaintiffs with some limitations, including limiting the production of documents to "Attorneys' Eyes Only." Pursuant to this ordered production, such production is subject to this strict stipulated protective order and shall serve to supplement Defendant CITY's responses to Plaintiffs' First Request for Production of Documents, pertaining to the categories of documents and information listed above. Accordingly, Plaintiffs and Defendants, by and through their respective counsel of record, hereby stipulate to the entry of the following Stipulated Protective Order regarding the disclosure of the above stated documents following the in camera review by the assigned Magistrate Trumbull.

1. The documents produced pursuant to this Stipulated Protective order are "confidential." "Confidential" information is information which has not been made public and is privileged and confidential and protected from public disclosure under applicable law.

2. Confidential documents shall be so designated by stamping copies of the documents produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the

1  document or document package as confidential, unless otherwise indicated by the producing
2  party.

3      3.    Material designated as confidential under this order, the information contained
4  therein, and any summaries, copies, abstracts, or documents derived in whole or in part from
5  materials designated as confidential (hereinafter "confidential material") shall be used only for
6  the purpose of the prosecution, defense, or settlement of this civil action and for no other purpose.
7  Plaintiffs and their counsel and agents shall not disclose, release or otherwise publish any
8  confidential material except as necessary in this civil litigation. This information cannot be used
9  in any other action, including any criminal or similar proceedings.

10      4.    Confidential material produced pursuant to this Order may be disclosed or made
11  available only to the Court and/or to counsel in this case, and are deemed for "Attorneys' Eyes
12  Only."

13      5.    The portion of any deposition in which confidential materials are discussed shall
14  be designated confidential and privileged in this action, per the agreement of all relevant counsel.

15      6.    Nothing herein shall impose any restrictions on the use or disclosure by a party of
16  material obtained by such party independent of discovery in this action, whether or not such
17  material is also obtained through discovery in this action, or from disclosing its own confidential
18  material as it deems appropriate. Receipt by any party of any confidential information shall not
19  be either an admission or claim that the information is private, confidential, proprietary, and/or a
20  trade secret, as asserted by the propounding party, nor an admission with respect to the
21  authenticity, competency, relevance or materiality thereof.

22      7.    This Order shall be without prejudice to the right of the parties to: (1) Bring before
23  the Court at any time the question of whether any particular document or information is
24  confidential or whether its use shall be restricted; or (2) present a motion to the Court under
25  Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular
26  document or information, including restrictions different from those as specified herein. This
27  Order shall not be deemed to prejudice the parties in any way in any future application for
28  modification of this Order.

JOINT STIPULATED PROTECTIVE ORDER - C06-    3
1523 JW PVT

8. Exhibits or other documents that are designated by the parties as Confidential shall be lodged under seal with a showing of "good cause" to the Court. If the filing party believes that Confidential Information is necessary to adjudicate the matter, the filing party must file the document with the Court in a sealed envelope with the following label:

**"Confidential Information**

**Filed Under Seal Pursuant to Protective Order**

**<u>Kleemeyer et al. v. City of Santa Clara et al.</u>**

**Case No. C06-1523 JW**

**"[Title of Document]"**

After the filing party has conditionally lodged the Confidential Information under seal with the Court, any party or non-party with an interest in maintaining the confidentiality of the Information or material identified as "Confidential" may file a motion to seal pursuant to Local Rule 79-5. Any motion to seal must be heard prior to or at the same time as the related motion or matter. The parties agree that any motion to seal may be brought on shortened time with permission and/or leave from the Court. If no explicit assertion is made, or if no motion to seal is filed, the lodged Confidential documents will lose their confidentiality designation and my be treated as non-Confidential under this Order.

9. Prior to hearings or testimony before the Court in this case, the parties, in the event that it is known reasonably in advance of such hearing or testimony that matters involving Confidential Information will be raised, shall so advise the Court.

10. Nothing in this Order nor the production of any information or document under the terms of this Order, shall be deemed to have the affect of an admission or waiver of objections or privileges by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing right or obligation of any party or the absence thereof.

11. This Order shall survive the final termination of this action, to the extent that the information contained in confidential material is not and does not become known to the public and the Court shall retain jurisdiction to resolve any dispute concerning the use of information

JOINT STIPULATED PROTECTIVE ORDER - C06-1523 JW PVT    4

disclosed hereunder. Within thirty (30) days of the dismissal or entry of final judgment in this action, whichever first occurs, Plaintiff and his counsel shall return to counsel for Defendants at its business address, 1211 Newell Avenue, Walnut Creek, California 94596, all confidential materials and any and all copies thereof.

12. Violations of this protective order may subject the violator and/or the violating party and/or their counsel to monetary and/or evidentiary sanctions per order of the Court and this Court retains jurisdiction over any such alleged violations, whether it be during the course of this litigation or when the litigation has concluded.

**IT IS SO STIPULATED.**

Dated: September 21, 2007

L~~AW OFFICES OF~~ ANTHONY E. PAGKAS

By: _____
Anthony E. Pagkas, Esq.
Christopher D'Anjou, Esq.
Attorneys for Plaintiffs

Dated: September 19, 2007

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP

By: _____
James V. Fitzgerald, III
Noah G. Blechman
Attorneys for Defendants
SANTA CLARA POLICE CHIEF STEPHEN LODGE; SANTA CLARA POLICE OFFICER JEFF VADEN; SANTA CLARA POLICE OFFICER DAWN MARINES; SANTA CLARA POLICE SGT. CRAIG MIDDLEKAUFF; AND THE CITY OF SANTA CLARA

**IT IS SO ORDERED.**

Dated: September 26, 2007

By: _____
Honorable Patricia V. Trumbull
United States Magistrate Judge